IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES

VS.   CRIMINAL ACTION NO. 3:98CR66-HTW-LRA
   CIVIL ACTION NO. 3:12CV91-HTW-LRA

CLINTON MOSES

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

This cause is before the court on the motions of defendant Clinton Moses to vacate his sentence pursuant to § 2255 (ECF Nos. 80 & 82). The government opposes the motions, and the undersigned, having considered the memoranda and the record in this case, recommends that the motion be denied.

On July 5, 1999, this court entered judgments in two separate actions against Moses. Moses plead guilty in Cause No. 3:98cr66 to two counts of armed bank robbery. He plead guilty in Cause No. 3:99cr16 to destruction by fire of a building in interstate commerce. He was sentenced to 120 months of imprisonment and 5 years of supervised release on each conviction, with the sentences to be served concurrently.

Moses began serving his five years of supervised release on June 29, 2007. On September 21, 2009, after a hearing, this court found that he had committed a business burglary, violating a term of his supervised release. A subsequent hearing was held on November 9, 2010, and Moses confessed to three additional violations. He was sentenced on July 6, 2011, after being allowed allocution, to 24 months imprisonment.

On February 9, 2012, he filed this instant § 2255 motion charging that his attorney rendered ineffective assistance of counsel by failing to notify the court at sentencing that

Moses provided substantial assistance to law enforcement in an unrelated investigation. According to Moses, this could have potentially affected his sentence.

In response to his motion, the Government obtained a sworn Affidavit from Abby W. Brumley, Assistant Federal Public Defender, and Moses's court appointed attorney [ECF No. 85]. According to Ms. Brumley, she represented Moses on his supervised release revocation, appearing in court on his behalf six times in federal court and one time in state court. Although she does not recall specifically speaking of Moses's cooperation with law enforcement in open court in any of the six hearings, she did assume that the probation office and the court were aware of his cooperation because they granted him permission to do so. Moses did not file a response or objection to any of the sworn assertions made by his defense counsel.

In the event a claim of ineffective assistance of counsel has not been waived, it is governed by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim under *Strickland*, the defendant must prove (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Id*. at 687. As further explained by the United States Supreme Court:

> To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness. To establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Williams v. Taylor*, 529 U.S. 362, 390-91 (2000)(citations omitted). If the Court finds that one of the *Strickland* requirements is not satisfied, it need not consider the other. *See Buxton*

*v. Lynaugh*, 879 F.2d 140, 142 (5th Cir. 1989) (finding that *"Strickland* allows the habeas court to look at either prong first; if either one is found dispositive, it is not necessary to address the other.").

In the opinion of the undersigned, counsel's failure to raise Moses's cooperation in other cases in open court was not a "deficiency" under *Strickland*. The court was obviously aware of Moses's cooperation, because it (through its probation officers) had permitted him to assist law enforcement while he was released on bond pending sentencing. The fact that his attorney did not raise this known fact during sentencing could not have influenced the sentence.

Even if the failure to raise any assistance were error, certainly no prejudice may be shown. As the Government points out, Moses's assertion that this factor would have changed his sentence if his attorney had raised it falls far short of undermining the sentencing result. Moses admits that he is "not quite sure what, if any effect the aforementioned information would have had on the Court's determination of his sentence." Yet, he committed many violations, and some were committed after this court gave him continuances in order for him to tend to his wife during illness. Further, he personally appeared before the court on many occasions and could have raised his assistance to law enforcement himself. Ms. Brumley's affidavit confirms that the court and the probation office allowed Moses to assist law enforcement while he was released on bond pending sentencing on the petition. Therefore, this court was on notice of his assistance and still sentenced him to 24 months.

In the undersigned's opinion, the allegations by Moses regarding his counsel fall far short of establishing that his counsel's "deficiency" would have affected the outcome of his revocation sentence, as required by *Strickland.*

Accordingly, it is the recommendation of the undersigned Magistrate Judge that defendant's motions for relief [ECF Nos. 80 & 82] should be denied.

The parties are hereby notified that the failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court.  28 U.S.C. § 636, FED. R. CIV. P. 72(b) (as amended, effective December 1, 2009).

Respectfully submitted, this the 26th day of November 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE